**WILSON v. CURRY et al.**

No. 14213.

Court of Civil Appeals of Texas. Fort Worth.

April 18, 1941.

Rehearing Denied May 30, 1941.

Cunningham, Lipscomb & Cole, of Bonham, for appellant.

James D. Fellers, of Oklahoma City, for appellees W. E. Curry, W. R. Curry and L. A. Conner.

Stine, Bunting & Stine, of Henrietta, for appellees Harvey Gentry et ux.

W. J. Rutledge, Jr., of Dallas, for appellees F. P. Berry, A. Billings, Fred Snuggs, K. R. Neal, and W. J. Rutledge Jr.

McDONALD, Chief Justice.

This is an appeal by the plaintiff from an adverse judgment in a trespass to try title suit.

The land involved was formerly the community property of R. B. Clark, Sr., and his wife, Mollie Alford Clark, both now deceased. It was stipulated by the parties that the Clarks held and owned the land under a regular chain of transfers from and under the sovereignty of the soil, and that they were the common source of title. R. B. Clark, Sr., died in 1912. Mollie Alford Clark died in 1930. Neither left a will. Their only heirs were their four children, Iris Clark, R. B. Clark, Jr., Wade L. Clark and Capitola Wilson, wife of appellant, R. R. Wilson. The land in question did not constitute the homestead of any of the parties involved.

The controversy centers around two deeds. One of them bears date of March 25th, 1926, is executed and acknowledged by Mollie Clark, the widow, and by three of the children, Iris Clark, a single woman, R. B. Clark, Jr., a single man, and Wade L. Clark and his wife, Julia Clark, and purports to convey the property to R. R. Wilson, the plaintiff. It was acknowledged by Mollie Clark and R. B. Clark, Jr. on March 25th, 1926, in Montague County, by Iris Clark on April 10th, 1926, in Wichita County, and by Wade L. Clark and wife on April 17th, 1926, in Harris County. The deed describes Wade L. Clark and wife as residents of Harris County, and the other grantors as residents of Montague County, although, as stated, Iris Clark acknowledged the deed in Wichita County.

The other deed bears date of March 30th, 1926, was executed and acknowledged by R. R. Wilson and wife, Capitola Wilson, in Grayson County, on March 30th, 1926, and purports to convey the property to Mollie Clark.

■ Both deeds are in the usual form of general warranty deeds, and both purport to convey the entire title, as distinguished from an undivided interest. Both deeds were filed for record at the same time, at 8 A. M., April 26th, 1926, and recorded the same day. The deed to Wilson, according to the certificate of the county clerk, was recorded a few minutes after the deed to Mrs. Clark. The filing date being the same, we attach no significance, for the purpose of this holding, to the fact that one of the deeds was recorded by the clerk a few minutes before the other one was recorded.

After the death of Mrs. Clark, one A. Billings, alleging himself to be a creditor, was upon proper application appointed as administrator of Mrs. Clark's estate. His appointment is dated July 30th, 1931. He listed the land in question in the inventory and appraisement, and thereafter, on March 20th, 1935, after proper proceedings had in the Probate Court, conveyed the land in question to the defendant, Harvey Gentry, for the sum of $750. From the evidence this appeared to be a fair price for the land at that time, although later, on account of the discovery of oil nearby, it became greatly enhanced in value.

Plaintiff contends that, despite the dates of the two deeds, he actually purchased the land for a consideration of $1,000, that it was the intention and understanding of the parties that he should become the owner of the land, and that neither Mrs. Clark nor the other children claimed any interest in the land after the transactions described.

■ The case was tried without a jury, and the trial court filed separate findings of facts and conclusions of law. Contained therein is a finding to the effect that it was the intention of the parties to the two deeds that title should finally vest in Mrs. Clark. If this finding is supported by the evidence, it is conclusive of the case. Plaintiff, the appellant, attacks the finding by proper assignment. The only direct testimony concerning the matter is that of the appellant, and of two of the children, R. B. Clark, Jr., and Wade L. Clark. All three testified positively that it was the intention of all of the parties that the title should finally vest in appellant Wilson. There was no testimony of any witness to the contrary. We consider that this finding of the court is without evidence to support it, and will dispose of the case on the basis of the parties having agreed, as between themselves, that the title should finally vest in appellant, and not in Mrs. Clark.

It is therefore unnecessary to consider appellant's assignments which complain of

the exclusion of certain evidence relating to the circumstances surrounding the execution and delivery of the two deeds.

■ Appellant's fourth proposition asserts, in effect, that the purchaser from an administrator cannot be an innocent purchaser, and can acquire no better title than that held by the deceased. The authorities hold otherwise. See the discussion in 14 Tex.Jur. pp. 271 to 274, and cases therein cited. The purchaser may rely upon the apparent title of the decedent.

Both appellant and appellees devote much argument to the question of when a deed is presumed to have been delivered, and to have become effective. Appellees argue, and cite authorities to support them, that the deed is presumed to have been delivered and become effective on its date. Appellant argues, and presents supporting authorities, that where the deed shows on its face that the grantors live in different places, and the acknowledgments are taken at different places and times, the presumption just mentioned is destroyed, and there arises instead a presumption that the deed was not delivered and did not become effective before the date of the last acknowledgment, and that in any event a purchaser would be put upon inquiry to ascertain the real date of delivery. Appellees counter with the argument that a general warranty deed will pass after acquired title, and that even if the deed to Wilson from the other heirs was delivered to him after he signed and delivered the deed to Mrs. Clark, the title which he acquired by the final delivery of the deed to him would pass by the deed from him to Mrs. Clark.

■ Under the authorities cited by appellant in support of the proposition that delivery is presumed to have been made on the date of the acknowledgment, as well as those cited by appellees in support of the proposition that the date of the deed is presumptively the date of delivery, the presumption is one in either case which may be rebutted by proof of the actual facts. As between the original parties to the deeds, there would be a case of mutual mistake, if nothing else, which would authorize a reformation of the instruments in such manner as would effectuate the agreement of the parties.

So in this case, it would seem, the question is to determine the rights of an innocent purchaser, if he be one.

The appellees are Gentry and wife, and various persons who have acquired mineral rights under them. All of them, respectively, had the title examined by competent attorneys before making their various purchases, and all of the attorneys approved the title. The various appellees testified that they relied upon the title as reflected by the records and the abstracts prepared therefrom. Appellees assert that appellant is estopped, under the circumstances, to deny that the deed from him to Mrs. Clark is later in point of effectiveness than the one from Mrs. Clark and the other heirs to him.

■ The effect of estoppel is to preclude a party from asserting a right which he otherwise might assert, or to prove facts which he otherwise might prove, because some other person has relied upon the acts or conduct of the one so estopped. The principles applicable here are well discussed in 17 Tex.Jur. p. 130; 14 Tex.Jur. p. 903; 21 Corpus Juris pp. 1067, 1169 and 1172.

■ As between appellant and appellees, appellant must be charged with any negligence or mistake there may have been in placing a later date on the deed which he gave to Mrs. Clark than the date of the deed which he received from her and the other heirs. The deed to appellant was executed and acknowledged by Mrs. Clark on March 25th. The deed from appellant to Mrs. Clark was dated March 30th. The reasonably prudent examiner of title would conclude from this that, as between appellant and Mrs. Clark, the conveyance from appellant to Mrs. Clark was the later one. The rules pertaining to after acquired title being well known, he would conclude that the title acquired by appellant from the other children, whether dating from the date of the deed or from the dates of the acknowledgments, would pass to Mrs. Clark by virtue of the general warranty. There would be nothing to cause anyone to suppose that, as between appellant and Mrs. Clark, the parties intended that the deed of earlier date should become the last in point of effectiveness. Appellant's negligence caused the later purchasers of the property to be misled. He should suffer the loss. We hold that Gentry and those holding under him are entitled to the property as innocent purchasers.

■ The trial court also found that appellees acquired good title under the three

year statute of limitations. Revised Statutes, Article 5507. With this holding we do not agree. Even though the apparent or record title may have indicated otherwise, if Mrs. Clark had actually parted with her ownership of the property before her death, the three year statute would not be applicable. See the discussion and authorities in 2 Tex.Jur. pages 308 to 311.

Both appellant and appellees have furnished us with excellent briefs, which have been of valuable assistance to us in our study of the case. Appellees seek to support the judgment on still other grounds, which we do not consider necessary to set out in this opinion, for the reason that we believe that what we have said is determinative of the case.

Judgment of the trial court is affirmed.